Page 1

3:24-CV-139-MPM-RP

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

RECEIVED MAY 10 2024
United States District Court
Northern District of Mississippi

| United States District Court | District NORTHERN |
|---|---|
| Name (under which you were convicted): ANTHONY SMITH | Docket or Case No.: LK21-133 |
| Place of Confinement: WILKINSON COUNTY CORRECTIONAL INST. | Prisoner No.: MDOC# 155100 |
| Petitioner (include the name under which you were convicted) ANTHONY SMITH | v. Respondent (authorized person having custody of petitioner) STATE OF MISSISSIPPI |
| The Attorney General of the State of MISSISSIPPI | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: __LAFAYETTE COUNTY CIRCUIT COURT 1 COURTHOUSE SQUARE SUITE 101 OXFORD, MS 38655__
   (b) Criminal docket or case number (if you know): __LK21-133__
2. (a) Date of the judgment of conviction (if you know): __04/26/2022__
   (b) Date of sentencing: __04/26/2022__
3. Length of sentence: __10 YEARS__
4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐ No ☑
5. Identify all crimes of which you were convicted and sentenced in this case: __FELON IN POSSESSION OF WEAPON__

6. (a) What was your plea? (Check one)
   (1) Not guilty ☑         (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐              (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? NOT GUILTY to FELON IN POSSESSION OF WEAPON.

(c) If you went to trial, what kind of trial did you have? (Check one)
　　Jury ☑　　　Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
　　Yes ☐　No ☑

8. Did you appeal from the judgment of conviction?
　　Yes ☑　No ☐

9. If you did appeal, answer the following:
　(a) Name of court: COURT OF APPEALS OF THE STATE OF MISSISSIPPI
　(b) Docket or case number (if you know): 2022-KA-00942-COA
　(c) Result: AFFIRMED
　(d) Date of result (if you know): 02/27/2024
　(e) Citation to the case (if you know): _____
　(f) Grounds raised: UNREASONABLE SEARCH AND SEIZURE.

　(g) Did you seek further review by a higher state court?　Yes ☐　No ☑
　If yes, answer the following:
　　(1) Name of court: _____
　　(2) Docket or case number (if you know): _____
　　(3) Result: _____

　　(4) Date of result (if you know): _____
　　(5) Citation to the case (if you know): _____
　　(6) Grounds raised: _____

Case: 3:24-cv-00139-MPM-RP Doc #: 1 Filed: 05/10/24 3 of 18 PageID #: 3

Page 3

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____
_____
_____

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: _____

  (2) Docket or case number (if you know): _____

  (3) Date of filing (if you know): _____

  (4) Nature of the proceeding: _____

  (5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition:      Yes ❑ No ❑

  (2) Second petition:  Yes ❑ No ❑

  (3) Third petition:   Yes ❑ No ❑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: UNREASONABLE SEARCH AND SEIZURE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE OFFICER NEVER ISSUED A TRAFFIC CITATION FOR THE TRAFFIC STOP. THE OFFICER TESTIFIED THAT HE DID NOT SMELL ANY ALCOHOLIC BEVERAGE WHEN HE MADE INITAL CONTACT. THE OFFICER TESTIFIED THAT HE DID NOT SMELL MARIJUANA WHEN HE MADE INITAL CONTACT. THE OFFICER ALSO TESTIFIED THAT HE DID NOT SEE ANYTHING ILLEGAL IN PLAINVIEW WHEN HE MADE INITAL CONTACT. AND MY DRIVERS LICENSES WAS VALID.

(b) If you did not exhaust your state remedies on Ground One, explain why: MY APPEAL ATTORNEY, MR. H. AIKENS, ADVISED ME TO SKIP THE REST OF THE STATE REMEDIES.

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☑ No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
       Yes ☐ No ☑
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____

   Docket or case number (if you know): _____
   Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **NONE.**

GROUND TWO: **IMPROPER INDICTMENT.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**I WAS INDICTED AS A FELON WITH NO PRIOR FELONY CONVICTIONS ON MY TRIPLE I NCIC NOR MY MISSISSIPPI CRIMINAL HISTORY RECORD INFORMATION. INORDER TO CONSIDER A PERSON A FELON THAT PERSON MUST HAVE ATLEAST ONE PRIOR FELONY CONVICTION ON THAT PERSON CRIMINAL RECORD. BY BEING INDICTED AS A FELON WITH NO PRIOR FELONY CONVICTIONS MAKES THE INDICTMENT AN IMPROPER INDICTMENT.**

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>MY APPEAL ATTORNEY, MR. H. AIKENS, ADVISED ME TO SKIP THE REST OF THE STATE REMEDIES.</u>

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>MY APPEAL ATTORNEY, MR. H. AIKENS, CHOSE TO ONLY RAISE THE ISSUE OF GROUND ONE IN DIRECT APPEAL.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: NONE. _____

_____
_____

GROUND THREE: DOUBLE JEOPARDY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE EVIDENCE THE PROSECUTOR PRESENTED WAS SEALED BY THE GOVERNOR ON NOV. 23, 2016. WHEN THE GOVERNOR SEALS A CONVICTION IT IS REMOVED FROM THAT PERSONS RECORD AND IT IS NOT TO BE USED AGAINST THAT PERSON AGAIN. THE PROSECUTOR COMMITED DOUBLE JEOPARDY BY USING WHAT HE KNEW WAS A SEALED CONVICTION TO MAKE ME APPEAR TO BE A FELON. BY COMMITING DOUBLE JEOPARDY, AS THE PROSECUTOR DID, MAKES THE SENTENCING AN ILLEGAL SENTENCE.

(b) If you did not exhaust your state remedies on Ground Three, explain why: MY APPEAL ATTORNEY, MR. H. AIKENS, CHOSE TO ONLY RAISE THE ISSUE OF GROUND ONE IN DIRECT APPEAL. HE THEN ADVISED ME TO SKIP THE REST OF THE STATE REMEDIES.

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: MY APPEAL ATTORNEY, MR. H. AIKENS, CHOSE TO ONLY RAISE THE ISSUE OF GROUND ONE IN DIRECT APPEAL.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

   Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

   Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __NONE.__

GROUND FOUR: __DUE PROCESS.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): PROSECUTOR FAILED TO DISCLOSE CRIMINAL RECORD IN MOTION OF DISCOVERY AND TO THE JURY. SUPPRESSION BY PROSECUTION OF EVIDENCE FAVORABLE TO AN ACCUSED UPON REQUEST VIOLATES DUE PROCESS WHERE EVIDENCE IS MATERIAL EITHER TO GUILT OR PUNISHMENT, IRRESPECTIVE OF GOOD FAITH OR BAD FAITH OF PROSECUTION U.S.C.A. CONST. AMEND. 14.

(b) If you did not exhaust your state remedies on Ground Four, explain why: MY APPEAL ATTORNEY, MR. H. AIKENS, ADVISED ME TO SKIP THE REST OF THE STATE REMEDIES.

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: MR. H. AIKENS, CHOSE TO ONLY RAISE THE ISSUE OF GROUND ONE IN DIRECT APPEAL.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: NONE.

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes ☐ No ☑

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: GROUND 2, GROUND 3, GROUND 4, AND GROUND 5 HAVE NOT BEEN PRESENTED. MY APPEALS ATTORNEY, MR. H. AIKENS, TOOK IT UPON HIMSELF TO ONLY RAISE GROUND 1 OF SEVERAL GROUNDS OF RELIEF DURING THE DIRECT APPEAL.

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: GROUND 2, 3, 4, AND GROUND 5 HAVE NOT BEEN PRESENTED. MY APPEALS ATTORNEY, MR. H. AIKENS, TOOK IT UPON HIMSELF TO ONLY RAISE GROUND 1 OF SEVERAL GROUNDS OF RELIEF DURING THE DIRECT APPEAL.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

GROUND FIVE: <u>UNFAIR TRIAL BY JURY.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
THE PROSECUTOR COMMITED PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUEMENTS: PROSECUTOR TOLD THE JURY NOT TO BASE THEIR DECISION BASED UPON THE LAW.
PROSECUTOR DID NOT TELL THE JURY THAT THEIR ULTIMATE JOB WAS TO RENDER TRUE VERDICT BASED ON EVIDENCE.

(b) If you did not exhaust your state remedies on Ground Five, explain why: MY APPEAL ATTORNEY, MR. H. AIKENS, ADVISED ME TO SKIP THE REST OF THE STATE REMEDIES.

(c) Direct Appeal of Ground Five:
  (1) If you appealed from the Judgement of Conviction, did you raise this issue?
      Yes ☐  No ☒
  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: MR. H. AIKENS, CHOSE TO ONLY RAISE THE ISSUE OF GROUND ONE IN DIRECT APPEAL.

(d) Post-Conviction Proceedings:
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      Yes ☐  No ☒
  (2) If your answer to Question (d)(1) is "Yes" state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed: _____

  Docket or case number (if you know): _____
  Date of court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion or petition?
      Yes ☐  No ☐
  (4) Did you appeal from the denial of your motion or petition?
      Yes ☐  No ☐
  (5) If your answer to Question (d)(4) is "Yes" did you raise this issue in the appeal?
      Yes ☐  No ☐
  (6) If your answer to Question (d)(4) is "Yes" state:
  Name and location of the court where the appeal was filed: _____

  Docket or case number (If you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available): _____

  (7) If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue: _____

(2) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: NONE.

LEGAL

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  Yes ☐  No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: PRO-SE.

(b) At arraignment and plea: PRO-SE.

(c) At trial: PRO-SE WITH Mrs. DENISE FONDREN, ESQ., ACTING AS ADVISORY COUNSEL.

(d) At sentencing: PRO-SE WITH Mrs. DENISE FONDREN, ESQ., ACTING AS ADVISORY COUNSEL.

(e) On appeal: HUNTER N. AIKENS MS BAR No. 102195
POST OFFICE BOX 3510 JACKSON, MS 39207-3510

(f) In any post-conviction proceeding: N/A.

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  Yes ☐ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: REVERSE HIS CONVICTION AND RENDER A JUDGMENT OF ACQUITTAL IN HIS FAVOR.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May, 2, 2024 (month, date, year).

Executed (signed) on 5-2-2024 (date).

Anthony Smith
Signature of Petitioner

ANTHONY SMITH  MDOC# 155900
Name (Print)    Inmate Number

WILKINSON COUNTY CORRECTIONAL INSTITUTION
Place of confinement

W.C.C.F.
P.O. BOX 1889  G POD CELL 208
WOODVILLE, MS 39669
Petitioner's mailing address

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

* * * * *



N.C.C.F
O. Box 1889   G-POD CELL-208
Woodville, MS 39669

X-RAYED

RECEIVED
MAY 10 2024
United States District Court
Northern District of Mississippi

CLERK, United States District Court
Northern District of MS
203 Gilmore Dr.
Amory, MS 38821

LEGAL
LEGAL