IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTHONY SMITH**                                                                                       **PETITIONER**

**v.**                                             **No. 3:24-cv-00139-MPM-RP**

**STATE OF MISSISSIPPI**                                                 **RESPONDENT**

## MOTION TO DISMISS

Respondent files this Motion to Dismiss the petition for writ of habeas corpus filed by Petitioner Anthony Smith. In support, Respondent submits the following:

**I. Introduction**

Smith filed a federal habeas petition under 28 U.S.C. § 2254 challenging his conviction and sentence for being a felon in possession (FIP) of a weapon—a firearm. *See* Doc. 1. But, as demonstrated below, Smith failed to exhaust his available state court remedies on his claims prior to seeking federal habeas relief in this Court. As a result, this Court should dismiss Smith's federal habeas petition without prejudice. Respondent thus files this Motion to Dismiss under Rules 4 and 5 of the Rules Governing § 2254 Cases and in accordance with this Court's Order to "file an answer to this petition[.]" Doc. 9 (setting initial responsive deadline of May 2, 2025).[1]

---

[1] To further comply with this Court's Order, Respondent previously filed a copy of Smith's state court appellate record received from the Mississippi Supreme Court Clerk's Office. Docs. 12, *et seq*. Those records include transcripts on Smith's FIP conviction and sentence in the Lafayette County Circuit Court. Respondent thus cites to the state court record (SCR) as the ECF document number and page number(s) and the original SCR with the corresponding page number, where applicable. Respondent is not aware of any other recorded proceedings on Smith's FIP conviction and sentence that have not yet been transcribed.

I.      **Procedural History**

*Conviction and Sentence.* On April 26, 2022, a jury convicted Smith of being a FIP of a firearm, and the Lafayette County Circuit Court sentenced him to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC). **Exhibit A**; *see* Doc. 12-1 at 50–52 (SCR, Vol. 1 at 47–52).

*Direct Appeal.* Smith's initial notice of appeal was untimely, but the trial court subsequently granted Smith leave to appeal out of time. Doc. 12-1 at 57–59 (SCR, Vol. 1 at 54–56). Smith raised one claim on appeal: the trial court erred in denying Smith's motion to suppress the firearm. Doc. 12-6 (SCR, Briefs).

The Mississippi Court of Appeals thoroughly considered Smith's claim and properly rejected it. **Exhibit B** (*Smith v. State*, 396 So. 3d 163 (Miss. Ct. App. 2024)). The state appellate court held that the police had: probable cause to stop Smith's car for careless driving; reasonable suspicion to believe Smith was driving under the influence, which justified Smith's prolonged detention for investigation; and probable cause to search Smith's car during the traffic stop. **Exhibit B**.

Smith did not seek rehearing by the Mississippi Court of Appeals or certiorari review by the Mississippi Supreme Court. *See* Doc. 12-5 (SCR, Case Folder).

*State Post-Conviction Collateral Review.* As of the filing of this Motion, Smith has failed to seek state post-conviction collateral review in the Mississippi Supreme Court.[2]

---

[2] *See* STATE OF MISS. JUDICIARY, https://courts.ms.gov/index.php (search "General Docket" by name) (last accessed Apr. 30, 2025).

*Federal Habeas Petition*. Smith filed his *pro se* federal habeas petition in this Court on May 10, 2024. Doc. 1. In his petition, Smith alleges the following grounds for relief: (1) unreasonable search and seizure; (2) improper indictment; (3) double jeopardy; (4) due process; and (5) unfair trial by jury. Doc. 1.

Smith admits that he did not exhaust his state court remedies on any of his claims in Grounds One through Five. Doc. 1 at 5, 7–8, 10. Smith alleges that his appellate counsel "advised [him] to skip the rest of the state remedies" on his claims. Doc. 1 at 5, 7–8, 10. Smith also asserts that his appellate counsel "took it upon himself to only raise Ground 1 of several grounds of relief during [his] direct appeal." Doc. 1 at 11.

As demonstrated below, this Court should dismiss Smith's federal habeas petition without prejudice for his admitted failure to exhaust his claims in the state's highest court, prior to seeking federal habeas relief.

**III.   Analysis**

    **A.   This Court should dismiss Smith's federal habeas petition without prejudice for failure to first exhaust his available state court remedies.**

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking federal habeas relief is required to first exhaust available state court remedies. Section 2254(b) provides, in relevant part:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A)   the applicant has exhausted the state remedies available in the courts of the States; or

3

>   (B)  (i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the appellant … .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if [s]he has the right under the law of the State to raise, by any available procedure, the question presented.

Exhaustion of all claims in state court prior to requesting collateral relief in federal court is a fundamental prerequisite to federal habeas relief. *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006); *see also Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

To satisfy the exhaustion requirement, a petitioner must generally present his claims to the state's highest court in a procedurally proper manner and provide the state's highest court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999); *see also Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Carter v. Estelle*, 677 F.2d 427, 442–44 (5th Cir. 1982). Exhaustion is accomplished by pursuit of the claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). Further, exhaustion "requires that normally a state prisoner's entire

federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citations omitted); *see also Lewis v. Miss. Dep't of Corr.*, No. 1:23-CV-62-GHD-JMV, 2023 WL 5434765, at *3 (N.D. Miss. Aug. 23, 2023) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack on that judgment.")).

"Furthermore, 'neither *pro se* status nor ignorance of the law is sufficient to excuse a procedural default'" or exhaustion. *Williams v. Morris*, No. 1:20-CV-220-LG-MTP, 2021 WL 2150713, at *2 (S.D. Miss. Apr. 26, 2021), *report and recommendation adopted*, 2021 WL 2149202 (S.D. Miss. May 26, 2021) (quoting *Bell v. Miss. Dep't of Corr.*, No. 3:10-CV-711-HTW-LRA, 2011 WL 2604737, at *3 (S.D. Miss. June 13, 2011), *report and recommendation adopted*, 2011 WL 2601601 (S.D. Miss. June 30, 2011) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

Smith concedes that he did not properly present any of his grounds for federal habeas relief to the Mississippi Supreme Court on direct appeal. Likewise, the record confirms that Smith raised only the suppression issue to the Mississippi Court of Appeals on direct appeal and did not seek rehearing by the Mississippi Court of Appeals or certiorari review by the Mississippi Supreme Court. And he never sought state post-conviction collateral review in the Mississippi Supreme Court, prior to

filing his federal habeas petition. As a result, Smith failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *see also* 28 U.S.C. § 2254(c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

Instead, Smith claims under each ground for relief on his form petition that his appellate counsel allegedly "advised [him] to skip the rest of the state remedies." Doc. 1 at 5, 7–8, 10. Smith also asserts that his appellate counsel "took it upon himself to only raise Ground 1 of several grounds of relief during [his] direct appeal." Doc. 1 at 11. Ultimately, however, even though Smith is proceeding *pro se* and claims that he was "advised to skip the rest of the state remedies" (Doc. 1 at 5, 7–8, 10), he, as well as all other inmates in MDOC custody, have access to legal assistance, case law, and other legal materials during their incarceration. *See, e.g., Neal v. Bradley*, No. 2:05CV67-M-B, 2006 WL 2796404, at *4 (N.D. Miss. Sept. 25, 2006). Accordingly, Smith's claim of his appellate counsel's advice on the exhaustion of his state court remedies is insufficient to overcome his failure to exhaust his claims for federal habeas relief.

Thus, Smith's failure to exhaust his available state court remedies on his claims warrants dismissal of his federal habeas corpus petition without prejudice. 28

6

U.S.C. § 2254(b)(1) and (c); *see also O'Sullivan*, 526 U.S. at 842–45; *Dupuy*, 837 F.2d at 702; *Carter*, 677 F.2d at 442–44.

> **B. Smith has not shown the requisite "good cause" for a** Rhines **stay of this federal habeas proceeding to allow him to exhaust his claims in state court.**

When, as here, a petitioner has failed to exhaust his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). The Supreme Court has cautioned that a "stay and abeyance" should only be available in "limited circumstances" because granting a petitioner's motion to stay and hold it in abeyance "effectively excuses a petitioner's failure to present h[er] claims first to the state courts." *Id.* at 275, 277. It also has the potential to 'frustrate AEDPA's objection of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings.'" *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (quoting *Rhines,* 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 (explaining that "[s]tay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes" of comity and finality). And importantly, the granting of a stay "effectively excuses a petitioner's failure to present his claims first to the state courts[.]" *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005).

"A stay is available where a petitioner can show: (1) good cause for the failure to exhaust, (2) that the request is not plainly meritless, and (3) that the request is not for purposes of delay." *Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 482 (5th Cir.

7

2023) (citing *Rhines*, 544 U.S. at 277–78). On the "good cause" requirement, the Fifth Circuit has determined that the Supreme Court did not intend it to mean "good excuse" in the technical sense but rather "good cause" in the equitable sense. *See Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). Pointing to a lack of "consensus among federal courts on what constitutes 'good cause' within the meaning of *Rhines*," this Court has concluded that "it is analogous to the external 'cause' required to excuse a procedural default." *Brawner v. Epps*, No. 2:07CV16-MPM, 2008 WL 1745541, at *1 (N.D. Miss. Apr. 11, 2008) (citing *Coleman*, 501 U.S. at 755 (requiring petitioner to demonstrate some "objective factor external to the defense" that made it impossible to bring the claim earlier in state proceedings)).

Here, Smith has not requested a stay and has not shown the requisite "good cause" for his failure to properly exhaust his available state court remedies. *See* Doc. 1. Furthermore, as explained above, Smith has access to legal assistance, case law, and other legal materials during his incarceration. *See Neal*, 2006 WL 2796404, at *4. Finally, Smith has failed to raise any challenge to his appellate counsel's performance to the state court. Thus, his excuses for his failure to exhaust are meritless and fail to meet the requisite "good cause" for a stay. *See Johnson v. Mississippi*, No. 2:12-CV-95-KS-MTP, 2013 WL 752499, at *4 (S.D. Miss. Jan. 31, 2013) (citing *McIntyre v. Quarterman*, No. 3:09-CV-0574-B, 2009 WL 1563516, at *3 (N.D. Tex. June 2, 2009) (holding that neither "*pro se* status, ignorance of the law, or limited access to the law library—constitutes 'good cause' for petitioner's failure to exhaust his state remedies")); *Reyer v. King*, No. 1:07CV657-LG-JMR, 2008 WL

8

625096, at *3 (S.D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Smith fails to show that an "objective factor external to the defense" impeded his ability to exhaust his claims prior to seeking federal habeas relief. *Brawner*, 2008 WL 1745541, at *1 (citing *Coleman*, 501 U.S. at 755). Indeed, the record confirms that Smith chose to forego exhaustion of his claims and, instead, improperly proceeded directly to this federal Court on habeas review. Thus, under the facts of this case, stay and abeyance is inappropriate. *Rhines*, 544 U.S. at 274–77.

Finally, Respondent recognizes that dismissal of Smith's petition would preclude later refiling, absent any tolling, because the statute of limitations under 28 U.S.C. § 2244(d) continues to run even during the pendency of this federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). While this Court could exercise its discretion to hold Smith's federal habeas action in abeyance to allow him to exhaust his claims in state court, the record before this Court does not support a stay. *See Rhines*, 544 U.S. at 274–77. Thus, as demonstrated above, dismissal, rather than a stay, is appropriate under the facts of this case. *See Williams*, 2021 WL 2150713, at *2 (declining to issue a stay and, instead, properly dismissing the petition without prejudice for failure to exhaust available state court remedies).

**IV. Conclusion**

Respondent thus requests that this Court dismiss Smith's federal habeas petition without prejudice for failure to first exhaust available state court remedies, without a stay. Finally, Respondent requests that this Court deny Smith a certificate

9

of appealability to appeal to the Fifth Circuit and dispense with the need to file a brief in support of this Motion because it is self-explanatory.

THIS, the 30th day of April, 2025.

                                LYNN FITCH
                                Attorney General of Mississippi

BY:   /s/ *Bridgette N. Grant*
        BRIDGETTE N. GRANT
        MS Bar No. 104548
        Special Assistant Attorney General
        STATE OF MISSISSIPPI
        OFFICE OF THE ATTORNEY GENERAL
        P.O. Box 220
        Jackson, Mississippi 39205-0220
        Telephone: 601.359.3680
        Email: bridgette.grant@ago.ms.gov

        *Counsel for Respondent*

## CERTIFICATE OF SERVICE

      I, Bridgette N. Grant, certify that I have electronically filed this document with the Clerk of the Court using the ECF system, which sent notification to the following: United States Magistrate Judge Roy Percy.

      I further certify that I have mailed, via U.S. Mail, postage prepaid, a true and correct copy of this document to the following:

Anthony Smith, #155100
WCCF
P.O. Box 1889
G Pod, Cell 208
Woodville, MS 39669

THIS, the 30th day of April, 2025.

                                                /s/ *Bridgette N. Grant*
                                                BRIDGETTE N. GRANT

                                                *Counsel for Respondent*