IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTHONY SMITH**                                                                                   **PETITIONER**

v.                                                                             No. 3:24CV139-MPM-RP

**STATE OF MISSISSIPPI**                                                                 **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Anthony Smith for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion; the deadline to do so has expired, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

**Exhaustion**

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v.*

*Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine "giv[es] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

### Facts and Procedural Posture[1]

**Conviction and Sentence**

On April 26, 2022, a jury convicted Smith of being a felon in possession of a firearm, and the Lafayette County Circuit Court sentenced him to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC). **Exhibit A**[2]; *see* Doc. 12-1 at 50–52 (SCR, Vol. 1 at 47–52).

**Direct Appeal**

Smith's initial notice of appeal was untimely, but the trial court later granted him leave to appeal out of time. Doc. 12-1 at 57–59 (SCR, Vol. 1 at 54–56). Smith raised one claim on appeal: the trial court erred in denying Smith's motion to suppress the firearm. Doc. 12-6 (SCR, Briefs). The Mississippi Court of Appeals considered Smith's claim and rejected it. **Exhibit B** (*Smith v. State*, 396

---

[1] The court has drawn the facts and procedural posture from the State's response to the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

So. 3d 163 (Miss. Ct. App. 2024)). The state appellate court held that the police had: probable cause to stop Smith's car for careless driving; reasonable suspicion to believe Smith was driving under the influence (which justified Smith's prolonged detention for investigation); and probable cause to search his car during the traffic stop. **Exhibit B**.

Smith did not seek rehearing by the Mississippi Court of Appeals or certiorari review by the Mississippi Supreme Court. *See* Doc. 12-5 (SCR, Case Folder).

### State Post-Conviction Collateral Review

As of the filing of the State's Motion, based upon the official Mississippi Supreme Court website, Smith has not sought state post-conviction collateral review in the Mississippi Supreme Court.

### Discussion

Smith admits that he did not properly present any of his grounds for federal *habeas corpus* relief to the Mississippi Supreme Court on direct appeal. The record reveals that Smith raised only the suppression issue to the Mississippi Court of Appeals on direct appeal – and sought neither rehearing by the Mississippi Court of Appeals nor certiorari review by the Mississippi Supreme Court. Further, he did not seek state post-conviction collateral review in the Mississippi Supreme Court before filing the instant federal *habeas corpus* petition. Put simply, Smith has not presented his issues to the Mississippi Supreme Court either on direct appeal or through an application for post-conviction collateral relief.

Smith thus did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *see also* 28 U.S.C. § 2254(c) (an applicant "shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

However, for each of his claims, Smith alleges that his appellate counsel "advised [him] to skip the rest of the state remedies." Doc. 1 at 5, 7–8, 10. He also alleges that his appellate counsel "took it upon himself to only raise Ground 1 of several grounds of relief during [his] direct appeal." Doc. 1 at 11.

Though Smith is proceeding *pro se* and claims that he was "advised to skip the rest of the state remedies" (Doc. 1 at 5, 7–8, 10), all inmates in MDOC custody have access to legal assistance, case law, and other legal materials during their incarceration. *See, e.g., Neal v. Bradley*, No. 2:05CV67-M-B, 2006 WL 2796404, at *4 (N.D. Miss. Sept. 25, 2006). If Smith believed other issues should have been raised on direct appeal, he could have presented them to the appellate court *pro se*. Ultimately, he had the tools necessary to inform himself and move forward during his appeal and post-conviction collateral review. Hence, his claim regarding his appellate counsel's advice on the exhaustion of his state court remedies does not excuse his failure to exhaust his claims for federal *habeas corpus* relief.

The petitioner still has the remedy of state post-conviction collateral relief (subject to any procedural requirements). As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and he must move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of September, 2025.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI